JASON S. LOHR (SBN 262267)
(jason.lohr@lrllp.com)
LOHR RIPAMONTI LLP
140 Geary Street, 7F
San Francisco, CA 94108
Telephone:     (415) 683-7947
Facsimile:      (415) 683-7267

*Attorney for plaintiff Gabriela Gonzalez and proposed Class Members*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA GONZALEZ, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, and CVS PHARMACY, INC.,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>1. VIOLATION OF WARN ACT (29 U.S.C. §§ 2101 *et seq.*)<br><br>2. VIOLATION OF CALIFORNIA WARN ACT (Cal. Lab. Code §§ 1400 *et seq.*; Cal. Lab. Code § 204)<br><br>3. FAILURE TO PAY WAGES (California Labor Code §§ 200, 201.3, 218.6, 1194, 1194.2, 1197)<br><br>4. FAILURE TO PROVIDE MEAL BREAKS (Cal. Lab. Code §§ 226.7, 512)<br><br>5. FAILURE TO PROVIDE REST BREAKS (Cal. Lab. Code §§ 226.7)<br><br>6. WAITING TIME PENALTIES (Cal. Lab. Code § 203)<br><br>7. UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200) |

1

**SUMMARY OF CLAIMS**

1. This class action is brought on behalf of Plaintiff Gabriela Gonzalez ("Plaintiff" or "Ms. Gonzalez") and other similarly situated persons who were laid off from Defendant CVS Health Corporation and CVS Pharmacy, Inc. ("CVS") in a reduction in force that occurred on or around January and February 2024. Plaintiff on her own behalf, and on behalf of other similarly situated employees, challenges Defendant's violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "federal WARN Act") and the California WARN Act, Cal. Lab. Code § 1400 *et seq*. (the "California WARN Act"), and Cal. Lab. Code § 204. Additionally, during their employment with CVS, Plaintiff, and other similarly situated employees, were routinely required to work off the clock, suffered interruptions during scheduled rest and meal breaks, and forwent scheduled rest breaks thereby violating Cal. Lab. Code § 226.7, and Cal. Lab. Code § 203.

**THE PARTIES**

2. Plaintiff Gabriela Gonzalez is an adult resident of San Francisco, California. Plaintiff worked for CVS as a Nurse Practitioner. She worked for CVS from January 17, 2023 until she was laid off on February 25, 2024.

3. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by CVS and were terminated in connection with the reduction in force event, and who were routinely required to work off the clock, forgo scheduled rest breaks, and suffer interrupted rest and meal breaks. As used through this Complaint, the term "Class Members" refers to the representative Plaintiff herein and each and every person eligible for membership in the Class as described and defined herein.

4. CVS Health Corporation is a corporation organized and existing under the laws of the State of Delaware. On knowledge and belief, CVS Health Corporation does business in the State of California through, among other subsidiaries, CVS Pharmacy, Inc. CVS Pharmacy, Inc. is a corporation organized and existing under the laws of Rhode Island. CVS Pharmacy, Inc. is registered to do business in California. It has multiple offices located in this District including San Francisco, California.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction over the federal claims in this action action pursuant to 28 U.S.C. § 1331. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour law claims, because those claims derive from a common nucleus of operative fact.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. The Northern District of California has personal jurisdiction over Defendants and each of them because Defendants are doing business in California, and in this District, and because the employment policies and practices challenged in this action and giving rise to the claims alleged occurred in California and in this District.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

9. Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco Division is proper because a substantial part of the events that give rise to the claims asserted occurred in San Francisco.

**FACTS COMMON TO EACH CAUSE OF ACTION**

10. CVS Health Corporation (previously CVS Corporation and CVS Caremark Corporation) is a healthcare company that owns CVS Pharmacy (a retail pharmacy chain), CVS Caremark (a pharmacy benefits manager), and Aetna (a health insurance provider), among many other brands. MinuteClinic is a division of CVS Health that provides retail clinic services in CVS/pharmacy stores and some Target stores. Nurse practitioners and physician assistants staff MinuteClinics.

11. CVS hired plaintiff as a nurse practitioner on November 30, 2022. Her first first day of employment was January 17, 2023.

12. After several weeks of onboarding activities, she began working at CVS' San Francisco, California clinic, located within a CVS retail store. Plaintiff and one other nurse practitioner were the sole individuals who worked at the location.

13. Plaintiff, together with the other nurse practitioner, staffed the clinic on an alternating 4 days on/3 days off or 3 days on/4 days off workweek schedule. Only one of the two worked at the CVS location at any given time. On weekdays, Plaintiff was scheduled to work at the location from 8 a.m. to 7 pm., with an hour lunch break scheduled between 12:30 and 1:30. On Saturday and Sundays worked, Plaintiff was scheduled to work at CVS 9 a.m. to 5:30 p.m.

14. Plaintiff routinely began her work duties prior to clocking in. Patients would often arrive at the CVS location early and Plaintiff was obligated to interact with them as Plaintiff was the sole individual responsible for receiving them. In addition, the computer Plaintiff used to clock in took several minutes to boot, and during this time, she would turn on healthcare equipment and begin preparation for her first patient appointment, typically scheduled for 8:10 a.m on weekdays or 9:10 a.m. on weekends.

15. Plaintiff was scheduled to take one 10 minute break in the morning and one 10 minute break in the afternoon at regular times. However, Plaintiff was frequently forced to miss mandatory rest breaks due to the fact she was the sole CVS employee working at the clinic on any given day. If patient appointments ran late, she would be forced to miss her break or breaks. If patients arrived early, she would be forced to receive them during her break.

16. Similarly, Plaintiff was not fully relieved of work duties during mandatory meal breaks, as required by California law. Plaintiff's meal breaks were frequently interrupted because patients arrived early or because she did not have time to perform critical tasks in between appointments.

17. On January 27, 2024, Plaintiff along with over 50 other CVS employees in several regions, received an email informing them of their mandatory attendance at a Zoom meeting the morning of January 29, 2024.

18. On January 29, 2024, at 9:00 a.m, CVS informed Plaintiff and the other attendees that CVS stores in Regions 67 and Region 2 would be closing permanently and that their last day of employment would be February 24, 2024. Plaintiff understands that numerous CVS employees working at MinuteClinic locations in other regions were subject to similar mass layoffs.

19. Defendant failed to give 60 days advance written notice to the employees who it laid off during the reduction in force event, as required by both the federal and California WARN Acts. Nor were the affected employees given pay in substitution for federal and California WARN Act notices.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings all causes of action (the "Class Claims") under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of a class of similarly situated individuals (the "Class"), defined as:

> All current and former healthcare providers who worked at Defendants' "MinuteClinic" locations in California in the four years prior to the filing of this complaint (the "Class Period").

21. **Numerosity**. The Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the Class Period Defendants employed at least 250 people who satisfy the definition of the Class.

22. **Common Questions**. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

   A. Whether Class members received the proper notice and benefits as required under the WARN Act (29 U.S.C. §§ 2101 *et seq*.);
   B. Whether Class members received the proper notice and benefits as required under the California WARN Act (Cal. Lab. Code §§ 1400 *et seq*.;
   C. Whether Defendants policies and practices resulted in the failure to pay wages to the class as required under California Labor Code §§ 200, 201.3, 218.6, 1194, 1194.2, 1197;

D. Whether Defendants policies and practices resulted in the failure to provide meal and rest breaks to the Class as required pursuant to California Labor Code §§ 226.7, 512;

E. Whether Defendants policies and practices resulted in Defendant failing to pay wages upon discharge as required pursuant to Cal. Lab. Code § 203.

23. **Typicality**. Plaintiff's claims are typical of Class members' claims. Plaintiff, like other Class members, was subjected to Defendants' policies and practices of failing to pay for all time worked, failure to provide meal and rest breaks, and failure to provide legally adequate notice at the time of layoff.

24. Class certification of the Class Claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. Plaintiff and the Class are entitled to injunctive relief to end Defendants' common and uniform practice of failing to follow federal and California law.

24. Class certification of the California Claims is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF WARN ACT**

**(29 U.S.C. §§ 2101 *et seq*.)**

**(By Plaintiff on behalf of herself and the putative Class)**

26. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

27. Plaintiff and other affected employees who have worked for CVS were entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

28. Defendant is, and was, subject to the notice and back pay requirements of the federal WARN Act because CVS is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

29. Defendant has conducted mass layoffs during the Class Period but has not provided affected employees with the required notice under the federal WARN Act.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA WARN ACT

**(Cal. Lab. Code §§ 1400 *et seq.*; Cal. Lab. Code § 204)**

**(By Plaintiff on behalf of herself and the putative Class)**

30. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

31. Plaintiff and other affected employees who have worked for CVS were entitled to the rights, protections, and benefits provided under the California WARN Act, Cal. Lab. Code § 1400 *et seq.*

32. Defendant is subject to the notice and pay requirements of the California WARN Act because CVS is a business enterprise that employed 75 or more employees, as defined in the California WARN Act, Cal. Lab. Code § 1400(a).

33. Defendant has conducted mass layoffs during the Class Period but has not provided affected employees with the required notice under the California WARN Act.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY WAGES

**(California Labor Code §§ 200, 201.3, 218.6, 1194, 1194.2, 1197)**

**(By Plaintiff on behalf of herself and the putative Class)**

34. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

35. Wages are defined in California Labor Code section 200 and include all amounts for labor performed.

36. Hours worked pursuant to IWC Order No. 5-2001 includes "…time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work whether or not required to do so."

37. As a result of Defendants practice of staffing MinuteClinics with a single employee, employees were required to perform work prior to clocking in for work. This time was unpaid by Defendant.

38. As an actual and proximate result of Defendant's unlawful acts, Plaintiff and Class Members have been deprived of compensation in an amount according to proof at the time of trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code sections 218.5 and 218.6.

39. Pursuant to California Labor Code section 1194.2, Plaintiff and Class Members are entitled to liquidated damages in an amount equal to the wages unlawfully unpaid, and interest thereon.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE MEAL BREAKS**

**(Cal. Lab. Code §§ 226.7, 512)**

**(By Plaintiff on behalf of herself and the putative Class)**

40. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

41. The Labor Code and the IWC Wage Orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including, but not limited to, Cal. Lab. Code §§ 226.7, 512, 516, and the applicable IWC Wage

Order, require that employees who work at least five (5) hours must be provided with a meal break of not less than thirty (30) minutes in which the employee is relieved of all of their duties.

42. On information and belief, Defendants, by insufficiently staffing the MinuteClinic locations, have failed to provide Plaintiff and other employees similarly situated with all of the duty-free meal periods required by law whenever they worked more than 5 hours, and failed to pay Plaintiff, and others similarly situated, for those meal periods not provided or interrupted, including the statutory premium wages pursuant to Cal. Lab. Code §§ 203 and 226.7, in an amount according to proof.

43. On behalf of herself and the Class, Plaintiff seeks statutory premium wages for the relevant period prior to the filing of this Complaint, plus costs and interest pursuant to California law, including Cal. Lab. Code § 226.7, in an amount according to proof.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO PROVIDE REST BREAKS
### (Cal. Lab. Code §§ 226.7)
**(By Plaintiff on behalf of herself and the putative Class)**

44. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

45. The California Labor Code and the IWC Wage Orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including but not limited to Cal. Lab. Code § 226.7, requires that employees receive a paid, duty-free rest period of not less than ten minutes for each period of four hours worked or major fraction thereof. Any shifts in excess of 6 hours require at least two paid rest breaks of at least 10 minutes.

46. Throughout the relevant period, on information and belief, Defendants failed to provide Plaintiff and other employees similarly situated with the proper amount of duty-free rest periods as required by law, and failed to pay Plaintiff, and others similarly situated, for those rest periods not provided or interrupted, including the statutory premium wages pursuant to Cal. Lab. Code §§ 203 and 226.7, according to proof.

COMPLAINT CASE NO.:

47. On behalf of herself and the Class, Plaintiff seeks statutory premium wages for the relevant period prior to the filing of this Complaint, plus costs and interest pursuant to California law, including Cal. Lab. Code § 226.7, in an amount according to proof.

## SIXTH CLAIM FOR RELIEF
## WAITING TIME PENALTIES
### (Cal. Lab. Code § 203)
**(By Plaintiff on behalf of herself and the putative Class)**

48. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

49. California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

50. During the relevant time period, Defendants willfully failed to pay Plaintiff and Class Members all their earned wages upon termination including, but not limited to, "off the clock" time, unpaid minimum and overtime wages, meal period premiums, and rest break premiums within permissible time periods.

51. Defendants' failure to pay Plaintiff and Class Members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

52. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

COMPLAINT CASE NO.:

53. Plaintiff and Class Members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Class Members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## SEVENTH CLAIM FOR RELIEF
## UNFAIR BUSINESS PRACTICES
## (Cal. Bus. & Prof. Code § 17200 *et seq.*)
## (By Plaintiff on behalf of herself and the putative Class)

54. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this complaint.

55. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff and Class Members. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

56. Defendants' activities, as alleged herein, violate federal and California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq*.

57. A violation of Business and Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law.

58. Defendants' policies and practices have violated California state law in at least the following respects: failure to comply with the WARN Act (29 U.S.C. §§ 2101 *et seq*.); failure to comply with the California WARN Act (Cal. Lab. Code §§ 1400 *et seq*.; Cal. Lab. Code § 204); failure to pay wages pursuant to California Labor Code §§ 200, 201.3, 218.6, 1194, 1194.2, 1197; failure to provide meal and rest breaks pursuant to Cal. Lab. Code §§ 226.7, 512; and failing to pay waiting time penalties pursuant to Cal. Lab. Code § 203.

59. Defendants intentionally avoided paying Plaintiff and Class Members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

COMPLAINT CASE NO.:

60.     Pursuant to Business and Professions Code §§ 17200, *et seq*. Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all similarly situated individuals, prays for relief as follows:

1. An order certifying this action as a class action, under Fed. R. Civ. P. 23;

2. A declaration that Defendant has violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*, the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.*, Cal. Lab. Code § 226.7, and Cal. Lab. Code § 204;

2. An award of damages for the amount of unpaid compensation, and meal and rest break premiums, including interest thereon, subject to proof at trial;

3. An award of penalties for the failure to provide properly itemized statements with all paychecks, under Cal. Lab. Code § 226

4. Restitution to Plaintiff and the Class due to Defendants' unlawful and/or unfair activities, pursuant to Bus. & Prof. C. § 17200 *et seq.*;

5. That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities, under Bus. & Prof. C. § 17200, *et seq.*;

6. An award of reasonable attorneys' fees and costs under the common fund doctrine, Cal. Lab. Code §§ 218.5, 218.6, 226, 1194, Code of Civil Procedure § 1021.5 and/or any other applicable provisions of law;

7. Pre- and post-judgment interest on any amounts awarded;

8. For such other and further relief as the Court may deem fair and proper.

COMPLAINT CASE NO.:

| | |
|---|---|
| Dated: November 19, 2024 | Respectfully submitted |
| | /s/ Jason S. Lohr |
| | Jason S. Lohr<br>Lohr Ripamonti LLP<br>140 Geary Street, 7F<br>San Francisco, CA 94108<br>(415) 683-7947<br>Email: jason.lohr@lrllp.com |
| | *Attorney for plaintiff Gabriela Gonzalez and proposed Class Members* |

COMPLAINT CASE NO.:

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to a jury trial.

Dated: November 19, 2024               Respectfully submitted

/s/ Jason S. Lohr
_____

Jason S. Lohr
Lohr Ripamonti LLP
Jason.lohr@lrllp.com

*Attorney for plaintiff Gabriela Gonzalez and proposed Class Members*