UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, et al.,<br><br>    Defendants. | Case No.  24-cv-08156-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 28 |

    CVS's motion to compel arbitration is granted. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

    1. *Agreement to Arbitrate*. CVS has put forth sufficient evidence to find that an agreement to arbitrate exists. The evidence shows that Gonzalez created a unique login and password to CVS's online platform to submit her application and fill out her onboarding forms. On that platform, she signed multiple new-hire forms, including the Arbitration Agreement, using her personalized digital signature on November 30, 2022.

    Gonzalez argues that she didn't sign the agreement, but her evidence is not persuasive. *See Iyere v. Wise Auto Group*, 87 Cal. App. 5th 747, 756 (2023). She submits a declaration stating she does not "specifically recall creating login credentials, logging into, or creating an electronic signature" nor does she "specifically recall reviewing or electronically signing any document present as an arbitration agreement." Gonzalez Declaration ¶ 12, Dkt. No. 31. However, in that same declaration, she acknowledges that CVS sent her onboarding documents via the online portal, that she was prompted by CVS to complete the onboarding process, and that she did complete the onboarding process. *Id.* ¶ 11, 14. Most importantly, the signature on

this declaration matches the signature on the Arbitration Agreement, as well as the signatures on the two other employment agreements (the Restrictive Covenant and the Confidentiality and Assignment Agreement) that Gonzalez does not contest she signed. *Compare* Gonzalez Decl. at 4, Dkt. No. 31, *with* Arbitration Agreement at 4, Kobey Decl., Ex. D, Dkt. No. 26-6, Restrictive Covenant at 8, Gonzalez Decl., Ex. 2, Dkt. No. 31-2, *and* Confidentiality and Assignment Agreement at 5, Lohr Decl., Ex. 2, Dkt. No. 32-2. CVS has easily shown by a preponderance of evidence that Gonzalez signed the Arbitration Agreement.[1]

    2. *Unconscionability*. The parties dispute whether the Arbitration Agreement should be analyzed by itself or in conjunction with two other contracts, the Restrictive Covenant and the Confidentiality and Assignment Agreement, that Gonzalez signed on the same day. Under either view, the Arbitration Agreement is enforceable.

    Considering the Arbitration Agreement by itself, the agreement is clearly enforceable. There is some degree of procedural unconscionability because the agreement is a contract of adhesion and CVS never explained the key terms of the agreement to Gonzalez, instead presenting it to her alongside many other employment documents in the online portal. *See OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 127 (2019). However, that procedural oppression is mitigated by the opt-out provision and the fact that Gonzalez had at least twelve days to review the documents before signing. *See Gentry v. Superior Court*, 42 Cal. 4th 443, 471–72 (2007) (holding that the presence of an opt-out provision does not fully mitigate procedural unconscionability). Substantively, the Arbitration Agreement satisfies the minimum requirements of fairness. The agreement provides for neutral arbitrators, adequate discovery, a written award, all types of relief that would be available in court and does not require the employee to pay unreasonable costs or fees. *See Armendariz v. Foundation Health Psychcare Services*, 24 Cal. 4th 83, 102 (2000).

    However, the Arbitration Agreement arguably should be read together with the Restrictive Covenant and the Confidentiality and Assignment Agreement because all three were

---

[1] Gonzalez's evidentiary objections to the Kobey Declaration and CVS's objections to the Gonzalez and Lohr Declarations are all overruled. *See* Dkt. Nos. 33, 34-1, 34-2.

signed on the same day and concern the same subject matter, the employee-employer relationship. *See* Cal. Civ. Code § 1642; *see also Alberto v. Cambrian Homecare*, 91 Cal. App. 5th 482, 490 (2023); *Ly v. Tesla, Inc.*, No. 24-CV-06521, 2024 WL 4894297, at *8 (N.D. Cal. Nov. 25, 2024).

Considering the agreements together, there are several substantively unconscionable provisions. First, Paragraph 18 of the Restrictive Covenant states that all claims under that contract must be resolved in court, as opposed to arbitration. This provision creates a lack of mutuality because it allows the employer to go to court for the claims it is most likely to bring—the intellectual property issues in that contract—while the Arbitration Agreement requires employees to go to arbitration for claims they are more likely to bring—such as wage and hour and discrimination claims. *See Armendariz*, 24 Cal. 4th at 120. Second, Paragraph 8 of the Restrictive Covenant and Paragraph 13 of the Confidentiality and Assignment Agreement both entitle the company (but not the employee) to an injunction without a showing of irreparable harm. Paragraph 8 of the Restrictive Covenant also allows CVS to obtain an injunction without posting a bond. These provisions are unfairly one-sided and therefore substantively unconscionable. *See Ly*, 757 F. Supp. 3d at 1048; *Alberto*, 91 Cal. App. 5th at 492; *Blair v. INFORM Software Corp.*, No. 22-CV-06000, 2023 WL 137471, at *8 (N.D. Cal. Jan. 8, 2023). Finally, Paragraph 13 of the Confidentiality and Assignment Agreement contains an unconscionable provision that entitles CVS "as a matter of right" to reasonable attorneys' fees, costs, and expenses, without a corresponding right for the employee to such fees if they were to prevail. *See Pappas v. AMN Healthcare Services*, No. 24-CV-01426, 2025 WL 50440, at *8–*9 (N.D. Cal. Jan. 8, 2025); *see also* Cal. Civ. Code § 1717(a).

While it is a close call, these unconscionable provisions may be severed. *See Ramirez v. Charter Communications, Inc.*, 16 Cal. 5th 478, 516 (2024). The substantive issues are serious, but they are not relevant to Gonzalez's claims and all three contracts have severability provisions. However, if CVS continues to use these unconscionable provisions, they will have a difficult time arguing that the contracts are enforceable in the future. *See Hale v. Brinker*

3

*International, Inc.*, No. 21-CV-09978, 2022 WL 2187397, at *1 (N.D. Cal. June 17, 2022); *Pappas v. AMN Healthcare Services*, No. 24-CV-01426, 2025 WL 50440, at *10 (N.D. Cal. Jan. 8, 2025).

The motion to compel is therefore granted and the case is stayed pending arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The parties are ordered to file a joint status report every 120 days until the arbitration is terminated. If the parties prefer to avoid this obligation, they may stipulate to dismiss this action without prejudice and that the defendant waives any statute of limitations defense based on the period the dispute is with the arbitrator.

**IT IS SO ORDERED.**

Dated: May 6, 2025

VINCE CHHABRIA
United States District Judge